FILED
SUPERIOR COURT
OF GUAM

2021 FEB 16 PM 3: 47

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JESSIE ANDERSON LUJAN AND FRANCIS GILL,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>STEPHEN TEBO AND DOES ONE (1) through TEN (10), inclusive,<br><br>                              Defendants. | CIVIL CASE NO.: CV1219-17<br><br><br>**DECISION AND ORDER**<br>Re: Defendants' Motion to Dismiss<br>Under GRCP Rule 41(b). |

## INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on February 4, 2021, upon Defendants' Motion to Dismiss Under GRCP Rule 41(b). The Plaintiffs, Jesse Anderson Lujan and Francis Gill ("Plaintiffs") are represented by Curtis C. Van de Veld, Esq. The Defendants, Stephen Tebo and Does One (1) through Ten (10) ("Defendants"), are represented by Joyce C.H. Tang, Esq. Co-Defendant Richard Jotberg, named as Doe One, is represented by Daron Berman, Esq. For the reasons set forth below, having reviewed the moving papers and oral argument of both parties, the Court **DENIES** Defendant's Motion to Dismiss Under GRCP Rule 41(b).

## BACKGROUND

Plaintiff filed a complaint in this matter on December 1, 2017. See Compl. for Damages and Punitive Damages. (Dec. 1, 2017). On February 14, 2018, Defendants filed a timely answer. See Answer. (Feb. 14, 2017). On May 2, 2018, this Court issued a Scheduling Order and a Discovery Plan. See Scheduling Order (May 2, 2018); See also Discovery Plan and Order (May 2, 2018). The Scheduling Order set trial for February 18, 2020. Id.

Co-defendant Jortberg filed his answer March 1, 2019. See Jortberg's Answer (March 1, 2019). A discovery dispute regarding a protective order requiring Plaintiff to take the deposition of Defendant in his state of residence, Colorado, was resolved through a decision and order issued by this Court on March 26, 2019. See Decision and Order (March 26, 2019). Since March of 2019, the Court has scheduled thirteen (13) status hearings, and Plaintiff has failed to attend six (6) of them. See Mem. in Support of Mot. to Dismiss at 3-4 (Nov. 18, 2020). Plaintiff presented Defendants with a new scheduling order on February 10, 2020, after obtaining the signature of co-defendant Jortberg. See Opp'n to Def.'s Mot. to Dismiss at 6 (Jan. 22, 2021); See also See Pl.'s Ex Parte Mot. to Enlarge Time, Ex. 1 (Jan. 6, 2021). On July 10, 2020, nearly five (5) months later, Defendants signed the documents, through counsel, and filed the proposed Scheduling Order and Discovery Plan with the Court. Id., Ex. 2.

Defendant filed the instant motion on November 18, 2020. See Mem. in Support of Mot. to Dismiss (Nov. 18, 2020). Plaintiff filed his Opposition on January 22, 2021, after getting approval to enlarge the time to respond from this Court. See Opp'n to Def.'s Mot. to Dismiss at 6 (Jan. 22, 2021). Defendant filed their reply seven (7) days later on January 29, 2021, and a hearing was held on the matter on February 4, 2021. See Reply in Support of Pl.'s Mem. in Support of Mot. to Dismiss (Jan. 29, 2021). The Court subsequently took the matter under advisement.


## DISCUSSION

Under Guam law, a defendant may move for the involuntary dismissal of a complaint "for failure of the plaintiff to prosecute." See GRCP 41(b). A GCRP 41(b) dismissal operates as an adjudication upon the merits. Id. When presented with a motion to dismiss for failure to prosecute under GRCP 41(b), the Court must consider five factors:

1) the public's interest in expeditious resolution of litigation; 2) the Court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring the disposition of cases on their merits and 5) the availability of less drastic sanctions. See *Santos v. Carney*, 1997 Guam 4 ¶ 5 (*citing In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)). The first two factors are commonly considered together. See *Santos*, 1997 Guam 4 ¶ 7. Further, "[d]ismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal." *Park v. Kawashima*, 2010 Guam 10 ¶ 10 (*citing Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

A trial court, "does not review delay in a vacuum and refrains from dismissing a case . . . for failure to prosecute when the delay is reasonable. *Guam Economic Development Authority v. Affordable Home Builders, Inc.*, 2013 Guam 12 ¶ 13. See also *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir.1980) ("We recognize that neither delay nor prejudice can be viewed in isolation.... [O]nly unreasonable delay will support dismissal for lack of prosecution, and unreasonableness is not inherent in every lapse of time."). Finally, "dismissal is considered a 'draconian' sanction to be imposed only where failure to comply with orders of the court, the record of delay, contumacious conduct, or prior failed sanctions are clear." *Affordable Home Builders, Inc.*, 2013 Guam 12 ¶ 15 (*citing Manyard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003)).

## I.     The Plaintiff's Delay Was Reasonable Due to the Ongoing COVID-19 Pandemic.

The first and second factor, namely, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, "are commonly considered together." *Santos*, 1997 Guam 4 ¶ 7. "This first factor does not require us to stencil a bright-line rule to be applied automatically or mechanically." *Affordable Home Builders, Inc.*, 2013 Guam 12 ¶ 19. The analyzation of the first two factors requires, "calculating the cumulative length of delay attributable to the plaintiff and examining whether the plaintiff failed to pursue the case diligently and did so for reasons that do not amount to good cause." *Id.* ¶ 18. Therefore, "[t]he fact that a lengthy amount of time has passed from the filing of the complaint until the motion to dismiss does not warrant dismissal when the plaintiff has pursued her case diligently throughout." *Id.*¶ 19.

Here, Plaintiff claims he had been diligently prosecuting the case until the COVID-19 pandemic exploded in March of 2020, as evidenced through, "[d]iscovery disputes, attempts at negotiations of settlement, designating a DOE party, securing service on the designated DOE party, Richard Jortberg, and trying to secure agreement on new dates for disposition of the matter for trial." Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 6 (Jan. 22, 2021). Defendants, on the other hand, argue that "Plaintiffs filed this lawsuit three years ago, have yet to take a single deposition, have not responded to Mr. Tebo's discovery, and through counsel, represented that he would not be able to move this case forward because his clients are living on islands in the Philippines." Mem. in Support of Mot. to Dismiss (Nov. 18, 2020).

It is undisputed that Plaintiffs and their counsel did not appear at six (6) out of thirteen (13) status hearings scheduled since March of 2019. See Id. at 3-4. However, a discovery dispute was litigated in the early part of 2019, and Plaintiff did present Defendants with a new scheduling order on February 10, 2020, just eight days before trial was scheduled, after obtaining the signature of co-defendant Jortberg. See Opp'n to Def.'s Mot. to Dismiss at 6 (Jan. 22, 2021); See also See Pl.'s Ex Parte Mot. to Enlarge Time, Ex. 1 (Jan. 6, 2021). On July 10, 2020, nearly five (5) months later, Defendants signed the documents, through counsel, and filed the proposed Scheduling Order and Discovery Plan with the Court. Id., Ex. 2. Thus, Plaintiff did make an attempt, however untimely and half-hearted; to forward the case before the COVID-19 pandemic began in earnest.

Any subsequent delay is reasonable, due to the morbidity conditions of the Plaintiffs and their inability to travel due to the ongoing COVID-19 pandemic. Thus, "[a]lthough the delay was reasonably in control of Plaintiff, in light of the exigent circumstances and difficulties with working through the COVID-19 pandemic . . . the Court finds that Plaintiff has sufficiently explained the reason for delay." *Won So Choi v. Costco Wholesale Corp.,* 2020 WL 5835146 *3 (D.N.J Oct. 1, 2020). The Court is cognizant of the fact that this case has been on the docket for over three (3) years, and much of that delay is attributable to Plaintiff, however, in light of the COVID-19 pandemic the Court finds that delay reasonable. See *Affordable Home Builders, Inc.,* 2013 Guam 12 ¶ 25 ("we give deference to the trial court in determining the reasonableness of the delay because the trial court is in the best position to determine what period of delay can be endured before its docket becomes unmanageable").

## II. Defendant Did Not Carry Burden to Show Prejudice.

The third *Santos* factor likewise cuts against dismissal. The Court is "ask[ed] to evaluate the risk of prejudice to the defendants posed by the delay in the case." *Id.* at ¶ 34. Further, "if the plaintiff offers a reasonable excuse for the inaction, the burden then shifts to the defendant who must demonstrate prejudice." *Id.* "Prejudice itself usually takes two forms—loss of evidence and loss of memory by a witness.... [A] district court in the exercise of its discretion should consider whether such losses have occurred and if so, whether they are significant [since] [n]ot every loss, and particularly not every loss of memory, will prejudice the defense of a case." *Nealey*, 662 F.2d 1275, 1280 (9th Cir.1980) (analyzing FRCP 41(b)).

Here, as stated above, the delay was reasonable due to the ongoing COVID-19 pandemic. Thus, Defendant has the burden to prove prejudice. They have offered no evidence of the loss of evidence or the loss of memory of a witness. Therefore, Defendants have not carried that burden, and the third *Santos* factor weighs against dismissal.

## III. The Public Policy of Favoring the Disposition of Cases on Their Merits Weighs Against Dismissal.

The fourth factor "necessitates considering the public policy favoring disposition of a case on its merits which ordinarily weighs against dismissal." *Kawashimi*, 2010 Guam 10 ¶ 22. Thus, "[a]lthough public policy always favors a resolution of cases on their merits, and this factor generally weighs in favor of the plaintiff, 'it must be weighed against the first two factors, the expeditious resolution of litigation and the court's need to manage its docket.'" *Id.* (*citing In re Estate of Concepcion v. Siguenza*, 2003 Guam 12 ¶ 23).

As above, because the delay was reasonable due to the COVID-19 pandemic, and the Defendant has made no showing of actual prejudice, the public policy favoring disposition of cases on the merits must control. See *Santos* 1997 Guam 4 ¶ 9. Thus, the fourth factor weighs against dismissal.

## IV. The Court will Set the Case For Trial as a Less Drastic Sanction

The fifth factor is the availability of less drastic sanctions. "Dismissal is considered a 'draconian' sanction," and the Court will therefore set this case for trial to ensure

CV1219-17, Jesse Anderson Lujan, et al v. Stephen Tebo, et al.
Decision and Order (Motion to Dismiss Under GRCP Rule 41(b)).

Page **5** of **6**

disposition of the case on the merits, and halt any further delays. *Affordable Home Builders, Inc.,* 2013 Guam 12 ¶ 15. While "a trial court is not required to issue advance warnings before dismissing for failure to prosecute," the Court does so here. *Affordable Home Builders, Inc.,* 2013 Guam 12 ¶ 49 (*citing Rapadas v. Benito,* 2011 Guam 28 ¶ 31). The Court is well aware of the three (3) year period this case has been on the docket, and notes the status hearings missed by Plaintiff's counsel, as well as the inaction regarding depositions. As such, no further delays on the part of the Plaintiff will be tolerated, and Plaintiff is warned that any further dilatory behavior will result in a dismissal.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss Under GRCP Rule 41(b). is **DENIED**.

**SCHEDULING CONFERENCE: May 6, 2021 at 9am, ZOOM**

**SO ORDERED** this ___2/16/2021___.

_____
**HONORABLE ANITA A. SUKOLA**
Judge, Superior Court of Guam